UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
TORRY PARKER,

                        Petitioner,

          — against —

WILLIAM PHILLIPS, Superintendent,
Green Haven Correctional Facility,

                        Respondent.
-----------------------------------------------------------X

**MEMORANDUM and ORDER**

05-CV-1323 (SLT)

**TOWNES, United States District Judge:**

    *Pro se* petitioner, Torry Parker ("Parker" or "petitioner"), seeks a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. He challenges his conviction in Kings County for murder in the first degree. Parker alleges that his due process rights were violated because the government failed to establish his guilt beyond a reasonable doubt. Specifically, he argues that: (1) the government did not establish that the bullet from his gun independently caused the death of the victim; and (2) the government did not establish that Parker intended to kill the victim. For the reasons set forth below, the petition is DENIED.

## BACKGROUND

    On August 13, 1999, shortly after midnight, Moudhish Khalid and Faisal Alnagar closed a grocery store owned by Khalid's father. (Tr. 20–23.) As Khalid and Alnagar walked home, they passed Parker and another man standing by a car. (Tr. 25–27, 31.) Parker and his companion followed Khalid and Alnagar for a short distance. (Tr. 32, 50-51.) Alnagar heard gunfire, ran across the street, and hid behind a parked car. (Tr. 32, 33, 36.) He believed that the gunfire came from more than one firearm because the shots occurred simultaneously.

(Tr. 38–39.) He observed one of the two men involved search Khalid's body, which by that point lay on the sidewalk. (Tr. 39.) After searching Khalid's body, the man approached Alnagar, held a firearm approximately two inches from his face, and directed Alnagar to hand over his money. (Tr. 40–41.) The man then searched Alnagar's pockets as he lay on the sidewalk with his hands above his head. (Tr. 41-42.) Khalid died from his gunshot wounds.

Dr. Joaquin C. Gutierrez, Jr., performed an autopsy on Khalid's body. (Tr. 65.) An external examination revealed two bullet entrance wounds and two exit wounds. (Tr. 65–66.) The order in which the bullet wounds were inflicted could not be determined. (Tr. 76.) One bullet entered the left side of the chest and exited the right side of the abdomen. (Tr. 66–67.) Soot and powder stippling were found around the chest wound, which indicated that the gun had been fired at close range, most likely approximately six inches. (Tr. 67.) An internal examination revealed that the bullet perforated the left lung and went through the stomach, the small intestine, and the colon. (Tr. 68.) According to Dr. Gutierrez, the wound would have caused a considerable amount of bleeding and would have led to death within a few minutes. (Tr. 69.)

The other bullet entered the back of the left side of the abdomen and exited the front of the left chest. (Tr. 70, 72.) This bullet penetrated the back muscles and perforated the inferior vena cava, the right ventricle of the heart, the aorta, the pulmonary artery, and the sternum. (Tr. 72.) No soot or powder stippling was found around this entrance wound, which indicated that the gun was fired from a distance greater than eighteen inches. (Tr. 70, 71.) According to Dr. Gutierrez, this wound would have also caused massive bleeding because of the damage to the heart and major blood vessels and would have resulted in a loss of consciousness and death in a shorter time frame than the other bullet wound. (Tr. 73–74.) Dr. Gutierrez testified that either

shot could have caused Khalid's death independently and that the gunshot wounds to the chest and back together did in fact cause Khalid's death. (Tr. 69, 73, 75.)

At the close of the government's case, Parker moved to dismiss on the ground that the government failed to establish proof of the crimes charged in the indictment. (Tr. 199.) Parker's counsel reserved the right to incorporate his summation remarks into his motion to dismiss. (Tr. 199.) On summation, counsel argued that there was no evidence that the shooting was intentional. (Tr. 213, 220, 223, 237.)

On October 3, 2000, Parker was convicted by the court of murder in the first degree after a bench trial. (S 28-29.) On appeal, he argued that the government failed to establish that his shot independently caused the victim's death or that he intended to kill the victim. (Resp. Ex. B at 3, 23.) The Appellate Division affirmed the conviction on March 8, 2004. *People v. Parker*, 772 N.Y.S.2d 584 (App. Div. 2004). The court ruled that Parker's "contention that the evidence was legally insufficient to support his conviction of murder in the first degree because the People failed to prove that he caused the victim's death is unpreserved for appellate review since he did not specifically raise this issue on his motion to dismiss." *Id.* The court continued: "In any event, viewing the evidence in the light most favorable to the prosecution, we find that it was legally sufficient to establish the defendant's guilt of murder in the first degree beyond a reasonable doubt." *Id.* (citation omitted). On May 25, 2004, the Court of Appeals denied Parker's application for leave to appeal. *People v. Parker*, 814 N.E.2d 475 (2004). On March 7, 2005, petitioner timely filed this petition for a writ of *habeas corpus*.

## STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996, a federal court may grant a writ of *habeas corpus* to a state prisoner on a claim that was adjudicated on the merits in state court only if it concludes that the adjudication of the claim: "(1) resulted in a decision that

3

was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

## DISCUSSION

### A. *Procedurally Defaulted Claim*

Petitioner argues that the evidence was legally insufficient to prove murder in the first degree because the prosecution failed to establish that his shot independently caused the victim's death. The Appellate Division held that this argument was not preserved for appellate review because Parker did not specifically raise it in his motion to dismiss. *Parker*, 772 N.Y.S.2d at 584. The court relied on New York's contemporaneous objection rule, which requires that a defendant raise an argument at the trial level to preserve it for appellate review. N.Y. Crim. Proc. Law § 470.05(2).

A state court's expressed reliance on a procedural bar to prevent adjudication on the merits of a claim generally constitutes an independent and adequate state law ground for the state court's judgment precluding federal review. *Coleman v. Thompson*, 501 U.S. 722, 111 S. Ct. 2546 (1991). The contemporaneous objection rule is an adequate and independent state ground barring review of the merits of the claim by this Court. *See Wainwright v. Sykes*, 433 U.S. 72, 86, 90 (1977); *Garcia v. Lewis*, 188 F.3d 71, 78–79 (2d Cir. 1999); *Velasquez v. Leonardo*, 898 F.2d 7, 9 (2d Cir. 1990). Procedural default in a state court bars federal *habeas* review only when "the last state court rendering a judgment in the case clearly and expressly states that its judgment rests on a state procedural bar." *Glenn v. Bartlett*, 98 F.3d 721, 724 (2d Cir. 1996) (internal quotation marks omitted) (quoting *Harris v. Reed*, 489 U.S. 255, 263 (1989)). This

Court determines whether the state court judgment rests on an adequate and independent state ground. *Id.* (citing *Coleman*, 501 U.S. at 736).

The Appellate Division held that Parker's claim was not preserved for appellate review because Parker did not raise the issue in his motion to dismiss, thereby failing to satisfy the requirements of the contemporaneous objection rule. *Parker*, 772 N.Y.S.2d at 584. Accordingly, this Court is barred from considering this argument on the merits. Moreover, the fact that the Appellate Division went on to evaluate the merits of the case does not vitiate the court's reliance on the contemporaneous objection rule as an adequate and independent state ground. *Velasquez*, 898 F.2d at 9 (holding that an independent and adequate state ground remains so even if the state court included in its opinion an alternative ruling on the merits).

Notwithstanding these restrictions, there are circumstances in which a federal claim disposed of by a state procedural rule may be reviewed on a federal petition for *habeas corpus*. First, a court may review a procedurally defaulted claim if the appellant can show "cause for the default, and actual prejudice as a result of the alleged violation of federal law." *Coleman*, 501 U.S. at 750. To establish cause, a petitioner must show that the cause was "something external to the petitioner, something that cannot fairly be attributed to him." *Id.* at 753 (emphasis omitted) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). For example, "a showing that the factual or legal basis for a claim was not reasonably available to counsel, . . . or that 'some interference by officials' . . . made compliance impracticable, would constitute cause under this standard." *Id.* (internal quotation marks omitted) (omissions in original) (quoting *Murray*, 477 U.S. at 488). To establish prejudice, a petitioner must demonstrate that the alleged error worked to his "actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Torres v. Senkowski*, 316 F.3d 147, 152 (2d Cir. 2003) (internal quotation marks omitted) (quoting *Rodriguez v. Mitchell*, 252 F.3d 191, 203 (2001)). Second, if a petitioner

cannot show cause and prejudice, his procedural default may be excused if he can demonstrate that a fundamental miscarriage of justice would result from a failure to hear the claim on the merits because "he is actually innocent of the crime for which he has been convicted." *Dunham v. Travis*, 313 F.3d 724, 730 (2d Cir. 2002) (citing *Schlup v. Delo*, 513 U.S. 298, 321 (1995); *Murray*, 477 U.S. at 496).

This Court is precluded from considering the merits of Parker's causation argument because he has not made the required showing. He neither explains his failure to raise the argument at trial, nor argues that he is actually innocent or prejudiced in any way.

## B.   *Proof of Intent to Kill*

Parker argues that the evidence presented at trial was legally insufficient to establish beyond a reasonable doubt that he intended to kill the victim. The Due Process Clause of the United States Constitution protects state prisoners from conviction without proof beyond a reasonable doubt of every element of the offense. *Jackson v. Virginia*, 443 U.S. 307, 316 (1979). Parker's argument, however, fails.

The relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). A petitioner "bears a very heavy burden" when challenging the legal sufficiency of the evidence supporting a state conviction. *Einaugler v. Supreme Court*, 109 F.3d 836, 840 (2d. Cir. 1997) (internal quotation marks omitted) (quoting *Quirama v. Michele*, 983 F.2d 12, 14 (2d Cir.1993)). In the present case, it is clear that a rational fact-finder could have concluded beyond a reasonable doubt that Parker intended to kill the victim. Parker, while he and his co-defendant possessed loaded and operable firearms, followed the victim and then, without saying a word, both of them shot him at close range before searching through his pockets. (Tr. 32, 51, 156-57.)

# CONCLUSION

Parker's petition for a writ of *habeas corpus* is denied. Because he has not made a substantial showing of the denial of a constitutional right, no certificate of appealability is granted with respect to any of his claims. *See* 28 U.S.C. § 2253(c)(2). The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: Brooklyn, New York
September 24, 2008

*Sandra L. Townes*
SANDRA L. TOWNES
United States District Judge